# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA**

**v.**

**QUANTADYN CORP.**

    **Defendant.**

Case Number: 5:19-CR-00788-FB(3)
USM Number: P

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**
**(As amended on for corrections to page 5 and 6)**

The defendant, QUANTADYN CORP., was represented by Jay Dewald, Esq. and Thomas A. Hanusik, Esq.

Upon motion by the United States, the Court dismissed the remaining count(s) as to this defendant.

The defendant pled guilty to **Count(s) Two (2), of the Indictment** on September 15, 2020. Accordingly, the defendant is adjudged guilty of such Count, involving the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1349 and 1343 | Conspiracy to Commit Wire Fraud | 01/01/2018 | Two (2) |

As pronounced on September 15, 2020 and amended on October 23, 2020 the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

**SIGNED this 23rd day of October, 2020.**

_____
**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**

DEFENDANT: QUANTADYN CORP.
CASE NUMBER: 5:19-CR-00788-FB(3)

## PROBATION

The defendant is hereby placed on probation for a term of five (5) years as to Count Two.

While on probation the defendant shall comply with the mandatory and special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

1. Defendant will cooperate fully and truthfully with the United States, and provide all information known to Defendant regarding any criminal activity, as requested by the Government.
    a. Defendant will use its best efforts to ensure that its officers, directors, employees, and other representatives testify truthfully and completely before any grand jury and at any trials or other proceedings.
    b. Defendant will use its best efforts to ensure that its officers, directors, employees, and other representatives are reasonably available for debriefing and pre-trial conferences as the United States may require.
    c. Defendant will provide all documents, records, writings, or materials of any kind in Defendant's possession or under Defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.
    d. Defendant will disclose any information, testimony, documents, records or other tangible evidence, subject to applicable law and regulations, to other governmental authorities in the United States.

2. Defendant will not violate any federal, state, or local criminal law.

3. Defendant will continue to implement a compliance and ethics program for prevention and detection of fraudulent conduct throughout its operations. The program will include any specific measures identified in agreements between Defendant and either (a) the Civil Division of Department of Justice and the Civil Division of the United States Attorney's Office for the Western District of Texas; or (b) government suspension and debarment authorities.

4. Defendant agrees to retain an independent compliance monitor during the term of probation.
    a. The Monitor's responsibilities will include, but not limited to, the assessment, oversight and monitoring of the Defendant's compliance with the terms of this Agreement.
    b. The Monitor will evaluate Defendant's implementation and enforcement of its compliance and ethics programs.
    c. Defendant will cooperate fully with the Monitor, and Defendant understands that the Monitor will have authority to take such reasonable steps as, in his or her view, may be necessary to be fully informed about the Defendant's ethics and compliance programs.
    d. Defendant will facilitate the Monitor's access to Defendant's documents and resources.
    e. Defendant will provide the Monitor with access to all information, documents, records, facilities, and employees, as reasonably requested. Defendant will also use its best efforts to provide the Monitor with access to the Defendant's former employees and its third-party vendors, agents and consultants.
    f. Disclosing fraudulent activity or conduct to the Monitor will not relieve Defendant of any otherwise applicable obligation to disclose such matters truthfully to the Government.
    g. Defendant will not form an attorney-client relationship with the Monitor.

DEFENDANT: QUANTADYN CORP.
CASE NUMBER: 5:19-CR-00788-FB(3)

## CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes restitution, the defendant shall pay the ordered restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(if applicable)*

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) If the judgment imposes a fine, it is a condition of supervision that the defendant, pay in accordance with the Schedule of Payments sheet of the judgment.

10) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within seventy-two (72) hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially report to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view..

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

DEFENDANT:        QUANTADYN CORP.
CASE NUMBER:      5:19-CR-00788-FB(3)

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within seventy-two (72) hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

DEFENDANT: QUANTADYN CORP.
CASE NUMBER: 5:19-CR-00788-FB(3)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine**       | **Restitution**  |
|--------|---------------:|---------------:|-----------------:|
| **TOTALS** | $400.00    | $6,300,000.00  | $37,757,713.91   |

### SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $400.00. Payment of this sum shall begin immediately.

### FINE

The defendant shall pay a fine of $6,300,000.00. The Fine is due immediately, with payment to commence upon satisfaction of the restitution obligation below.

### RESTITUTION

Pursuant to 18 U.S.C. § 3663A, the Court finds that the United States Air Force, United States Army, and the United States General Services Administration have suffered injury compensable under the Victim and Witness Protection Act in the amount of $37,757,713.91. It is ordered that the defendant shall pay restitution in the amount of $37,757,713.91 through the Clerk, U.S. District Clerk, for distribution to the payee(s). No further payments shall be required after the sum of the amount actually paid by the defendants/participants, Keith Alan Seguin 5:19CR788(1); David Joseph Bolduc, Jr. 5:19CR788(2); and Rubens Wilson Fiuza Lima 5:19CR788(4), has fully covered the compensable injuries. $500,000 of the restitution is payable immediately. The balance of the restitution is due immediately, but the terms of payment for the balance will be determined in consultation with the United States Probation Office.

Pursuant to 18 U.S.C. § 3664(k) the Defendant shall notify the Court and the Attorney General of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution. The Court may also accept notification of a material change in the Defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the Court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the Court may, on its own motion, or the motion of any party, including a victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

The Defendant is ORDERED not to dissipate, transfer or spend any assets which it is presently holding, other than normal monthly business expenses.

The Court gives notice that this case involves others who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

DEFENDANT:        QUANTADYN CORP.
CASE NUMBER:      5:19-CR-00788-FB(3)

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002 to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| Name of Payee | Amount of Restitution |
|---|---|
| 1 U.S. Air Force<br>"Make checks payable to "Defense Financial & Accounting Service"<br>DFAS-CO-JDCBB<br>PO Box 182317<br>Columbus, OH 43218-2317 | $115,500 |
| 2 US Army<br>"Make checks payable to "U.S. Treasury"<br>CECOM G8<br>6585 Surveillance Loop<br>Building 6002 Attn: Connie Lucas<br>Aberdeen Proving Ground, MD 21005<br>Ref: DAAB0703DB006,MOD16,T.O. 0204 | $ 450,868.34 |
| 3 GENERAL SERVICES ADMINISTRATION<br>Attn: Region 8 FAS Commissioner(Penny Grout)<br>PO Box 6200-29<br>Portland, OR 97228-6200<br>Ref: 10RT0059 | $ 1,484,679.26 |
| 4 GENERAL SERVICES ADMINSTRATION<br>Attn Region 7 FAS/AAS Director Alan Searsy<br>PO Box 6200-29<br>Portland, OR 97228-6200<br>Ref: ID07130017 | $ 35,706,666.31 |
| | TOTAL:  $37,757,713.91 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.$

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: QUANTADYN CORP.
CASE NUMBER: 5:19-CR-00788-FB(3)

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States all right, title and interest in the following property:

1. $2,038,840.11 seized from bank account xx4353 in the name of QuantaDyn Corporation held at Bank of America, N.A.
2. $399,793.77 seized from bank account xx5717 in the name of QuantaDyn Corporation held at Bank of America, N.A.
3. $73,182.12 seized from bank account xx9933 in the name of QuantaDyn Corporation held at Bank of America, N.A.
4. $1,882.99 seized from bank account xx2665 in the name of QuantaDyn Corporation held at Merrill Lynch, Pierce, Fenner, & Smith, Inc.
5. $1,417,075.27 seized from bank account xx2666 in the name of QuantaDyn Corporation held at Merrill Lynch, Pierce, Fenner, & Smith, Inc.
6. $1,850,203.40 seized from bank account xx2267 in the name of QuantaDyn Corporation held at Merrill Lynch, Pierce, Fenner, & Smith Inc.
7. $1,318,886.11 seized from bank account xx2669 in the name of QuantaDyn Corporation held at Merrill Lynch, Pierce, Fenner, & Smith Inc.

## MONEY JUDGMENT

The Court further Orders the Defendant to pay a Money Judgment in the amount of $22,834,526.30 collectible up to and not beyond the amount of restitution provided herein and in accordance with the payment terms thereof. The enforcement and collection of the Money Judgment, combined with payments of restitution and collection of other currency, including the forfeited amounts listed above, shall not exceed in total the full amount of restitution provided herein and remaining unpaid.